**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.  09-22112-CIV-ALTONAGA/Brown**

**MIRABELLA FOUNDATION**,
a Panamanian foundation,

      Plaintiff,

vs.

**SAINT CLAIRE LIVESTOCK
INVESTMENTS, INC.**, a Florida
corporation; and **HECTOR LANS**,
individually,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Second Amended

Complaint ("Motion") [D.E. 27], filed November 11, 2009.  The Court has carefully considered the

parties' written submissions and applicable law.

**I. Background**

On July 20, 2009, Plaintiff, Mirabella Foundation ("Mirabella"), filed its initial Complaint

[D.E. 1].  Mirabella thereafter filed an Amended Complaint [D.E. 3].  By Order dated September 3,

2009 [D.E. 19], Defendants, Saint Claire Livestock Investments, Inc.'s ("Saint Claire['s]") and

Hector Lans' ("Lans[']") Motion to Dismiss the Amended Complaint was granted due to Mirabella's

lack of standing and for failure to state a claim as to one of the counts.  Mirabella then filed its

Second Amended Complaint ("SAC") [D.E. 24] on October 29, 2009.

The SAC alleges that pursuant to an assignment, Brian Neiman-Ackerman ("Neiman")

assigned to Mirabella his right, title and interest to a certain Paso Fino show horse and an Agreement

CASE NO.  09-22112-CIV-ALTONAGA/Brown

Delineating Rights With Respect to Sale of Horse ("Agreement") between Neiman and Saint Claire. (*See SAC* ¶ 1).  Mirabella is a foundation incorporated under the laws of Panama and is therefore a citizen of Panama under 28 U.S.C. § 1332.  (*See id.* ¶¶ 2, 3).  "Pursuant to Panamanian law, Panama foundations are unnatural persons tantamount to corporations, with citizenship distinct from their members."  (*Id.* ¶ 4).  Saint Claire is a Florida corporation, and Lans is its president and resides in Miami-Dade County, Florida.  (*See id.* ¶¶ 6-7).

Under the Agreement between Neiman and Saint Claire, Neiman paid $150,000.00 to Saint Claire in exchange for a 50% ownership interest in a Paso Fino show horse, and Neiman would be entitled to 50% of the sales amount for which the horse was sold.  (*See id.* ¶¶ 13, 15).  The parties to the Agreement were responsible on a 50-50% basis for maintenance costs, veterinarian costs, food and board, transportation costs and life insurance on the horse.  (*See id.* ¶ 16).  Lans, who negotiated and signed the agreement for Saint Claire, received offers to purchase the horse and failed to respond.  (*See id.* ¶ 17).   Instead, Lans foreclosed upon and sold Plaintiff's interest in the horse through an extra-judicial foreclosure sale, using state statutory procedures designed to protect abandoned horses and stable owners left to pay for the care of abandoned horses, not for use by co-owners of horses against other co-owners.  (*See id.* ¶¶ 19, 20).

Count I of the SAC states a claim for breach of contract against Saint Claire, in that the purpose of the Agreement was to make best efforts to sell the horse, each party receiving 50% of the profits, and Saint Claire breached the Agreement by failing to use its best efforts to sell the horse and failing to act on a good offer to purchase the horse.  (*See id.* ¶ 25).  Count II states a claim for unjust enrichment against Saint Claire and Lans, in that Defendants used a statutory process meant to protect horses and innocent stable owners to enrich themselves, and are unjustly enriched by the

2

CASE NO.  09-22112-CIV-ALTONAGA/Brown

amount of $150,000.00, less the amount Plaintiff failed to pay in room and board.  (*See id.* ¶¶ 39, 41).  Count III seeks rescission because Plaintiff cannot be cured by the award of financial damages, the Agreement should be rescinded on equitable principles, and Plaintiff should be awarded the return of his investment.  (*See id.* ¶ 55).  Count IV states a claim against Lans for breach of contract, because "[a]lthough not a named party to the Agreement, Defendant Lans, is personally liable as the sole officer and director of Defendant, Saint Claire [sic] exerted complete and unfettered control and dominion over Defendant, St. Claire in all material respects with regard to the Agreement."  (*Id.* ¶ 62).

## II.  Applicable Standards

Defendants' Motion seeks dismissal of all counts of the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims for relief, and under Rule 12(b)(1) for lack of diversity jurisdiction.  Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The

CASE NO.  09-22112-CIV-ALTONAGA/Brown

mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss."
*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at
1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most
favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross
& Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  But pleadings that "are no more
than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide
the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 129 S. Ct. at
1950; *see also Sinaltrainal*, 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint
are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").  A
court's analysis of a Rule 12(b)(6) motion "is limited primarily to the face of the complaint and
attachments thereto."  *Brooks*, 116 F.3d at 1368.

As stated, Defendants also challenge subject matter jurisdiction.  A motion to dismiss for lack
of subject matter jurisdiction under Rule 12(b)(1) may be either a facial or factual challenge to the
complaint.  *See McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251
(11th Cir. 2007).  In a facial challenge, the plaintiff has safeguards similar to those in place in a Rule
12(b)(6) motion to dismiss; the court considers the allegations as true.  *See id.*  In contrast, factual
attacks challenge the existence of subject matter jurisdiction in fact, regardless of the pleadings, and
so matters outside the pleadings such as affidavits and testimony are considered.  *See id.*  (citing
*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  "In the face of a factual challenge to
subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists."  *OSI, Inc.
v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted).

4

CASE NO.  09-22112-CIV-ALTONAGA/Brown

### III.  Analysis

Defendants first challenge subject matter jurisdiction, arguing Mirabella lacks standing because the assignment of the Agreement is invalid as it lacks consideration on its face.  Second, Defendants assert Mirabella is a foundation, not a corporation, and as such, the citizenship of its members is determinative of the existence of diversity of citizenship.  Defendants maintain it is incumbent upon Mirabella to allege facts showing jurisdiction, and this includes an allegation that none of its members is a Florida citizen.  Defendants also assert none of the counts of the SAC state a claim for relief.  Each of these arguments is addressed in turn.

**A.**      **Subject Matter Jurisdiction**

1.      <u>Standing</u>

"The question of standing is not subject to waiver . . . .  'The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines.'"  *United States v. Hays*, 515 U.S. 737, 742 (1995) (alteration in original) (citation omitted).  Defendants assert Mirabella lacks standing because it has no personal stake in the outcome of the case.  Specifically, Defendants maintain the assignment of the Agreement is defective because the assignment on its face does not show consideration.  This argument is prompted by the undersigned's observations at the hearing of September 3, 2009 on Defendants' earlier motion to dismiss, that the assignment is not supported by consideration.  In the SAC, Mirabella re-files the same assignment, which does not show consideration, but adds allegations that the assignment is valid and was not created to obtain diversity jurisdiction.

Mirabella maintains the absence of a recital of consideration from the written assignment attached to the SAC does not render the assignment defective or unenforceable, because the

5

CASE NO.  09-22112-CIV-ALTONAGA/Brown

assignment is not within the statute of frauds.  Mirabella is correct.  The subject matter of the assignment between Neiman and Mirabella is not within the Florida Statute of Frauds.  *See* Fla. Stat. Section 725.01.

Moreover, "[a]ny words or transactions showing an intention on one side to assign and on the other to receive, if supported by a valuable consideration, will operate as an effective equitable assignment." *Asphalt Paving, Inc. v. Ulery*, 149 So. 2d 370, 375 (Fla. 1st DCA 1963) (citation omitted).  And, "[e]xcept where a writing is required by statute, an assignment may be oral and proven by parol evidence." *Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1288 (Fla. 2d DCA 2005) (Davis, J., specially concurring) (citation omitted).  Here, neither the assignment nor its consideration is required to be in writing in order to create an enforceable assignment.  The SAC alleges the assignment is valid and was not entered into to establish a basis for federal jurisdiction.  Thus, the SAC sufficiently alleges a valid assignment, and Mirabella has standing to assert the rights Neiman had under the Agreement.

        2.    Diversity Jurisdiction

The Court next considers whether diversity of citizenship is present as it is the only basis for federal subject matter jurisdiction pleaded.  *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  The parties do not clarify whether the Motion presents a facial or factual challenge to subject matter jurisdiction.  However, Defendants argue Mirabella has failed to properly plead the citizenship of its members, and it is incumbent upon Plaintiff to allege facts showing jurisdiction.  Hence, the Court construes Defendants' challenge as a facial one.

6

CASE NO.  09-22112-CIV-ALTONAGA/Brown

The SAC alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(2), as it is a civil action involving citizens of a State and citizens or subjects of a foreign state.  The SAC alleges Mirabella is a foundation organized under the laws of Panama, not that it is a corporation under the laws of Panama.  But it goes on to allege that under Panama law, foundations are "tantamount to corporations." (*SAC* ¶¶ 4-5).  According to Defendants, Panama Law 32, which the Court may view at http://www.legalinfo-panama.com/english/corplaw.pdf, governs the formation and governance of corporations.  In contrast, Panama Law 25, which governs the creation and governance of foundations, has no analog in our jurisprudence.  (*See Motion* at 7).  The characteristics of a Panamanian foundation are strikingly dissimilar from the characteristics associated with a corporation.  Thus, Defendants maintain if Mirabella is not considered a corporation, it must allege the citizenship of all of its members to support the asserted basis of federal subject matter jurisdiction – diversity of citizenship.

For diversity of jurisdiction purposes, a corporation created under the laws of a foreign state is deemed a citizen or subject of the foreign state.  *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91-92 (2002).  Unincorporated associations and partnerships are treated as a citizen of each state of which its members are citizens.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  A limited liability company, for example, has the citizenship of its members, even though it shares some of the characteristics of a corporation.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002) (noting "the citizenship of trust fund *members* is determinative of the existence of diversity of citizenship" and treating a business trust "as a citizen of each state in which one of its shareholders is a citizen).  A *sociedad en*

CASE NO. 09-22112-CIV-ALTONAGA/Brown

*comandita* created under the civil law of Puerto Rico was treated as a citizen of Puerto Rico for purposes of federal court jurisdiction, *Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933), but only because it was "an exotic creation of the civil law" that sought to fit "into a federal scheme which knew it not." *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 151 (1965). Thus, "[t]here could be no doubt, after *Bouligny*, that at least common-law entities (and likely all entities beyond the Puerto Rican *sociedad en comandita*) would be treated for purposes of the diversity statute pursuant to what *Russell* called '[t]he tradition of the common law,' which is 'to treat as legal persons only incorporated groups and to assimilate all others to partnerships.'" *Carden*, 494 U.S. at 190 (quoting *Russell*, 288 U.S. at 480).

The question the parties address here, with a limited record, is whether a Panamanian foundation is the equivalent of a corporation, whose citizenship is independent of the citizenship of all of its members. While the Panamanian laws referenced by the parties, Laws 25 and 32, contain the several distinguishing characteristics of each entity, they do not adequately answer the question. Under Rule 44.1, Fed. R. Civ. P., "[i]n determining foreign law, the court may consider any relevant material or source, . . . whether or not submitted by a party . . . ." The Court's independent research located a source, OffshoreLegal.org -Panama Offshore Legal Law Firm, which addresses Panamanian foundations. That site states in part as follows:

> Many people ask why they need a corporation and not just a foundation. It is true that a foundation can own a bank account BUT a foundation cannot enter into business activities. For this reason it is quite limited.
>
> Having the foundation own a corporation gives you the best of both worlds. It also adds layers to make piercing the corporate veil much more difficult . . . .

*        *        *

CASE NO.  09-22112-CIV-ALTONAGA/Brown

A foundation is a hybrid asset protection vehicle that encompasses some of the elements of a trust, a corporation and a will all wrapped up into one that is better than any one of them.

*            *            *

It is similar to a holding company but much more dynamic.

*            *            *

A Panama Foundation may not directly engage in commercial activities.  However the foundation can own a corporation from Panama or anywhere else and this corporation that it owns can operate commercially.

*            *            *

A Panama Private Interest Foundation is a judicial or unnatural person like a corporation.  A [sic] offshore trust is not a judicial person; it is merely a written agreement as to how assets are managed.

With the limited information supplied by the parties, the Court concludes Mirabella, a civil law entity, is an unnatural person, like a corporation, and hence it is not required to plead the citizenship of each of its members.  But this conclusion is by no means definitive.  The Advisory Committee Notes to Rule 44.1, Fed. R. Civ. P., state "the court is free to insist on a complete presentation by counsel."  A determination of foreign law may be made by receiving testimony and other relevant materials.  The undersigned does not find that Defendants, as the moving parties, have adequately or sufficiently addressed this issue.  Because the Court is always under an obligation to examine its jurisdiction, Defendants are permitted to renew their motion to dismiss for lack of subject matter jurisdiction with supplemental materials that address the corporate laws of Panama.

**B.      Failure to State a Claim**

A cause of action for a breach of contract has three elements: a valid contract, a material breach, and damages.  *See Technical Packaging, Inc. v. Hanchett*, 992 So. 2d 309, 313 (Fla. 2d DCA

9

CASE NO. 09-22112-CIV-ALTONAGA/Brown

2008) (citation omitted). Plaintiff has satisfied all three elements in Count I. It alleges the Agreement, Saint Claire's breach when it foreclosed Mirabella's interest in the horse, and the failure to share the profits from the sale with Mirabella.

To state a claim for unjust enrichment, the plaintiff must allege "a benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Jaffe v. Bank of Am., N.A.*, No. 07-21093-CIV, 2009 WL 2567488, at *20 (S.D. Fla. Aug. 18, 2009). Mirabella alleges it paid $150,000.00 to Defendants, Defendants have retained that money, Defendants improperly foreclosed on Mirabella's interest in the horse, and Defendants unjustly enriched themselves by the money they received. Defendants do not present any arguments regarding the sufficiency of the allegations as to Lans, individually, and so the Court does not reach the issue. Count II states a claim for relief.

As to rescission, pleaded in Count III, in its Memorandum of Law in Opposition to Defendants' Motion [D.E. 32], Mirabella provides the elements it must allege to state a claim:

> (1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) notice by the party seeking rescission that they have chosen to rescind the contract; (5) an offer to restore benefits claimant received; and (6) inadequacy or absence of a legal remedy.

(*Id.* at 16, quoting *Cohen v. Nat'l City Mortgage*, No. 2:08-cv-00578-29DNF, 2009 WL 2436595, at *2 (M.D. Fla. Aug. 6, 2009)). Using, then, Mirabella's own recited elements, it is clear that Mirabella fails to state a claim for rescission. It does not allege it gave notice that it or Neiman had chosen to rescind the Agreement nor does it allege an offer to restore benefits received. Count III is dismissed.

10

CASE NO.  09-22112-CIV-ALTONAGA/Brown

Regarding Count IV, Mirabella states a claim of breach of the Agreement against Lans, a non-party to the Agreement, by allegations which seek to pierce the corporate veil of Saint Claire. One way for Mirabella to pierce the corporate veil is to allege that Saint Claire "was organized or employed to mislead creditors or to work a fraud upon them." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984) (citation omitted).  This it does not do directly.  However, the more expansive definition stated in *Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. 3d DCA 2000), provides assistance to Mirabella:

> "A critical issue in the determination of whether the corporate veil will be pierced for the imposition of personal liability is whether the corporate entity was organized or operated for an improper or fraudulent purpose." *Kanov v. Bitz*, 660 So. 2d 1165, 1166 (Fla. 3d DCA 1995).  Thus, unless there is a showing that a corporation was formed, or at least employed, for an unlawful or improper purpose – as a subterfuge to mislead or defraud creditors, to hid assets, to evade the requirements of a statute or some analogous betrayal of trust, the corporate veil cannot be pierced.  *See Aztec Motel, Inc. v. State ex rel. Faircloth*, 251 So. 2d 849, 852 (Fla. 1971) (holding that "courts will look through the screen of corporate entity to individuals who compose it in cases in which corporation is a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose"); *see also Munder v. Circle One Condo., Inc.*, 596 So. 2d 144, 145 (Fla. 4th DCA 1992) (directors, officers and stockholders may lose their insulation from liability for corporate acts if they engage in fraud, self-dealing, unjust enrichment or betrayal of trust).

While the SAC does not allege Saint Claire was organized or operated for an improper or fraudulent or improper purpose, it does allege Saint Claire "served as nothing more than an agent acting under the control, and for the exclusive benefit, of Defendant Lans with regard to the Agreement, breaches of the Agreement and improper foreclosure and sale of Plaintiff's interest in the Horse."  (*SAC* ¶ 66).  With these allegations, accepted as true, Count IV states a claim against Lans for breach of the Agreement.

11

CASE NO.  09-22112-CIV-ALTONAGA/Brown

### IV.  Conclusion

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Second Amended

Complaint [D.E. 27] is **GRANTED** in part and **DENIED** in part.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of December, 2009.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

12